UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

        Plaintiff,

                                        Case No. 16-11299

v.

                                        Paul D. Borman

DET. SHROCK, *et al.*,              United States District Judge

        Defendants.

_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S REQUEST TO REOPEN CASE (ECF NO. 9)**

On May 16, 2011, approximately five years before this action was initiated, James U. Payne sued Christopher R. Boulter and Blackman Charter Township in the Jackson County Circuit Court; the matter was removed to this Court on September 14, 2011, and Mr. Payne obtained counsel shortly thereafter. *Payne v. Boulter, et al.*, Case No. 11-14023, ECF Nos. 1, 3 (E.D. Mich. 2011). The action arose from a 2008 car accident which resulted in the Blackman police discovering drugs in Mr. Payne's car and later searching his home, pursuant to a warrant, for the same. This Court ultimately granted summary judgment to the defendants and dismissed the case on October 31, 2013. *Payne*, Case No. 11-14023, ECF No. 21 (E.D. Mich. 2011).

On April 8, 2016, Plaintiff filed this *pro se* federal civil action, also based on events surrounding the 2008 car accident. (ECF No. 1.) The matter was first assigned

to U.S. District Judge Mark A. Goldsmith, but because Plaintiff identified it as a companion case to his 2011 case in his pleadings, the case was reassigned to this Court. (ECF No. 3.) On May 13, 2016, this Court granted Plaintiff's application to proceed without prepayment of fees and costs, but summarily dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2) because it was barred by the applicable statute of limitations. (ECF No. 5.) Five days later, Plaintiff sent a letter to the Court that he identified as being related to this case, but the Court struck that letter on June 24, 2016, noting that "[i]n the Letter, Plaintiff appears to seek relief from events related to his April 11, 2016 arrest and incarceration at the Hazel Park and Oakland County Jails," and finding that "the events in Plaintiff's Letter are unrelated to the events alleged in Plaintiff's complaint as evidenced by the fact that his arrest post-dates the filing of the present action." (ECF No. 8.)

On April 9, 2018, Plaintiff sent a letter to the Court requesting that this case be reopened. (ECF No. 9.) Because a final judgment was entered in this action on May 13, 2016 (ECF No. 6), the Court construes Plaintiff's request to reopen the case as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). *See Futernick v. Sumpter Twp.*, 207 F.3d 305, 313 (6th Cir. 2000) (treating a motion to modify two final judgments "as one brought pursuant to Federal Rule of Civil Procedure 60(b)"); *see also Sandles v. Calahan*, No. 03-71438, 2012 WL 3151537, at *2 (E.D. Mich. Aug. 2, 2012) ("The Court's . . . judgment in

defendants' favor has not been vacated. The Court therefore construes Plaintiff's 'motion to reopen' as a motion for relief from this judgment pursuant to Federal Rule of Civil Procedure 60(b).").

Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting Fed. R. Civ. P. 60(b)). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). To obtain relief under Rule 60(b)(2) based on "newly discovered evidence," a movant "must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Jodway v. Fifth Third Mortg. Co.*, 557 B.R. 560, 566 (E.D. Mich. 2016) (alteration in original) (internal

quotation marks omitted) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)). To obtain relief under Rule 60(b)(6) based on "any other reason that justifies relief," a movant "must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Plaintiff has not demonstrated that he is entitled to relief from the May 13, 2016 judgment in this case under any of the grounds enumerated in Rule 60(b). Even if he had, his Rule 60(b) motion would be untimely under Rule 60(c)(1) because it was filed "more than a year after the entry of the judgment or order or the date of the proceeding": Plaintiff has not claimed that the grounds set forth in either Rule 60(b)(4) or 60(b)(5) apply in this case, and he has not "show[n] 'extraordinary circumstances' justifying the reopening of a final judgment [under Rule 60(b)(6)]," *Moore*, 848 F.3d at 776, so Rule 60(c)(1)'s one-year limitation period bars Plaintiff's request for relief.

Accordingly, Plaintiff's request to reopen this case is hereby DENIED.

IT IS SO ORDERED.

Dated:  June 25, 2018                                         s/Paul D. Borman
                                                              Paul D. Borman
                                                              United States District Judge

4

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2018.

                                                  s/D. Tofil
                                                  Deborah Tofil, Case Manager